UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

SUSAN DODD,

                Plaintiff,

vs.

SEMINOLE COUNTY, FLORIDA,

                Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, SUSAN DODD, (hereinafter referred to as "Mrs. Dodd"), by and through undersigned counsel, hereby files this Complaint and Demand for Jury Trial against SEMINOLE COUNTY, FLORIDA, ("Seminole County"), and states as follows:

## I.      NATURE OF CLAIM

1.      This is an action for damages for: (1) disability discrimination pursuant to the American with Disabilities Amendment Act; (2) failure to reasonably accommodate pursuant to the American with Disabilities Amendment Act ("ADAA"); (3) retaliation pursuant to the ADAA; (4) handicap discrimination pursuant to the Florida Civil Rights Act ("FCRA"); (5) failure to reasonably accommodate pursuant to the FCRA; (6) retaliation pursuant to the Florida Civil Rights Act; (7) failure to provide Mrs. Dodd equal protection and due process under the law in violation of 42 U.S.C. § 1983; and (8) breach of contract pursuant to Florida common law.

## II.    JURISDICTION AND VENUE

2.    This Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1367.

3.    Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in Seminole County, Florida in the Orlando Division of the Middle District of Florida.

## III.    FACTS

4.    Mrs. Dodd performed scorekeeping duties for over fifteen years at softball games for Seminole County as an independent contractor.

5.    On or about September 2014, Mr. Eric Klotz, ("Klotz"), the Assistant Park Supervisor, Seminole County Leisure Services, approached Mrs. Dodd regarding being employed as a Softball League Coordinator.-

6.    Ms. Dodd went through the hiring process and was hired by Seminole County as the Adult Softball League Coordinator about September 2014.;

7.    Mrs. Dodd excelled during her employment as the Adult Softball League Coordinator.  She not only was able to perform the duties of Adult Softball League Coordinator, but also the duties of Assistant Park Supervisor.  In fact, Mrs. Dodd was named employee of the month.

8.    On or about November 2014/2015, Mr. Klotz was promoted to Park Supervisor, Seminole Country Leisure Services.

9.    Mrs. Dodd applied for the Assistant Park Supervisor position vacated by Mr. Klotz.

10. On or about September, 20, 2015, Mrs. Dodd was interviewed by among other individuals, Ms. Shorty Robbins, Mr. Tom Kelly, and Mr. Klotz, for the positon of Assistant Park Supervisor.

11. After the interview, Mr. Klotz contacted Ms. Dodd advising her that the position was hers if she obtained her driver's license.

12. Mrs. Dodd suffers from anxiety that prevents her from driving.

13. Driving is not an essential function of the Assistant Park Supervisor position.

14. Mrs. Dodd has been performing all the essential functions of the Assistant Park Supervisor position without the need to drive or have a driver's license for approximately fourteen (14) months.

15. Ms. Christina Brandolini, Human Resources Manager, Seminole County, was advised that a driver's license was removed from the position in anticipation of Mrs. Dodd applying for the position.

16. Mr. Klotz advised Ms. Christina Brandolini that Mrs. Dodd would not need to drive in the Assistant Park Supervisor position.

17. Immediately after her conversation with Mr. Klotz, on November 23, 2015, Mrs. Dodd requested a reasonable accommodation from Seminole County regarding any possible driving requirement associated with the Assistant Park Supervisor position.

18. Seminole County failed to engage in the interactive process with Mrs. Dodd regarding her request for a reasonable accommodation.

19. It would not have been an undue hardship for Seminole County to have reasonably accommodated Mrs. Dodd.

20.     Mrs. Dodd was not promoted to the positon of Assistant Park Supervisor because of her disability.

21.     Mrs. Dodd was not promoted to the positon Assistant Park Supervisor because Seminole County perceived her or regarded her as having a disability.

22.     Mrs. Dodd has retained LaBar & Adams, P.A. to represent her in this matter and has agreed to pay said firm a reasonable attorney's fee for its services.

## IV.     EXHAUSTION OF ADMINISTRATIVE REMEDIES

23.     Prior to filing this civil action, Mrs. Dodd filed a written charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and/or the Florida Commission on Human Relations (FCHR). (*See* Exhibit "A").

24.     It has been more than 180 days from the date Mrs. Dodd filed her Charge. (*Id.*).

25.     Mrs. Dodd has made a good faith effort to comply with all relevant EEOC regulations and to provide the EEOC with all the relevant and specific information needed for the EEOC to evaluate the merits of her claim.

26.     On or about August 15, 2019, Mrs. Dodd received a Determination of Reasonable Cause from the EEOC. (*See* Exhibit "B"). The EEOC concluded that "[t]he Commission concludes that the evidence obtained in the investigation establishes Reasonable Cause to believe that [Seminole County] discriminated against [Mrs. Dodd], in violation of the ADAAA, as alleged." *Id.*

## Count I- Discrimination Pursuant to the ADAA

27.     Mrs. Dodd incorporates by reference as though fully set out herein the allegations of paragraphs numbered 1-21 of this Complaint.

4

28.     Mrs. Dodd was and is an individual with a disability.

29.     Seminole County perceived or regarded Mrs. Dodd as having a disability.

30.     Mrs. Dodd was and is qualified to perform all the essential job functions of Assistant Park Supervisor with or without a reasonable accommodation.

31.     Seminole County would have promoted Mrs. Dodd to the position of Assistant Park Supervisor but for her disability.

32.     Seminole County would have promoted Mrs. Dodd to the position of Assistant Park Supervisor but for it perceiving or regarding Ms. Dodd as having a disability.

33.     A motivating factor in Seminole County not promoting Mrs. Dodd to the position of Assistant Park Supervisor was her disability.

34.     A motivating factor in Seminole County not promoting Mrs. Dodd to the position of Assistant Park Supervisor was its perception that Mrs. Dodd had a disability.

35.     Mrs. Dodd's anxiety is not transitory or minor as it has existed longer than six (6) months.

37.     Seminole County's actions described herein, were done with reckless indifference to Mrs. Dodd's rights pursuant to ADAA.

38.     As a direct and proximate result of the unlawful discrimination occurring at Seminole County, Mrs. Dodd has suffered and continues to suffer direct and consequential damages, including but not limited to loss of employment income and employment benefits, emotional suffering and loss of dignity.

**WHEREFORE,** Mrs. Dodd respectfully requests that this court grant the following relief:

A.    Award Mrs. Dodd lost wages, including lost fringe benefits, which resulted from the illegal discrimination;

B.    Award Mrs. Dodd compensatory damages, including mental and emotional distress, and front pay;

C.    Award Ms. Dodd Punitive damages against Seminole County;

D.    Award Mrs. Dodd pre-judgment and post-judgment interest;

E.    Award Mrs. Dodd the costs of this action, together with reasonable attorney's fees; and

F.    Award Mrs. Dodd such other and further relief as is just and proper.

**COUNT II-Failure to Accommodate Pursuant to the ADAA**

39.    Mrs. Dodd incorporates by reference as though fully set out herein the allegations of paragraphs numbered 1-21, 28-30 of this Complaint.

40.    On or about November 23, 2015, Mrs. Dodd requested a reasonable accommodation from Seminole County regarding any possible driving requirement associated with the Assistant Park Supervisor position.

41.    Seminole County failed to engage in the interactive process with Mrs. Dodd regarding her request for a reasonable accommodation.

42.    Seminole County failed to provide a reasonable accommodation to Mrs. Dodd.

43.    It would not have been an undue hardship for Seminole County to have reasonably accommodated Mrs. Dodd.

44.    As a direct and proximate result of Seminole County's failure to engage in the interactive process or provide a reasonable accommodation, Mrs. Dodd has suffered

and continues to suffer direct and consequential damages, including but not limited to loss of employment income and employment benefits, emotional suffering and loss of dignity.

**WHEREFORE**, Mrs. Dodd respectfully requests that this court grant the following relief:

A.      Award Mrs. Dodd lost wages, including lost fringe benefits, which resulted from the illegal discrimination;

B.      Award Mrs. Dodd compensatory damages, including mental and emotional distress, and front pay;

C.      Award Ms. Dodd Punitive damages against Seminole County;

D.      Award Mrs. Dodd pre-judgment and post-judgment interest;

E.      Award Mrs. Dodd the costs of this action, together with reasonable attorney's fees; and

F.      Award Mrs. Dodd such other and further relief as is just and proper.

## Count III- Retaliation for Requesting a Reasonable Accommodation

45.      Mrs. Dodd incorporates by reference as though fully set out herein the allegations of paragraphs numbered 1-21, 28-30 of this Complaint.

46.      On or about November 23, 2015, Mrs. Dodd requested a reasonable accommodation from Seminole County regarding any possible driving requirement associated with the Assistant Park Supervisor position.

47.      Seminole County failed to engage in the interactive process with Mrs. Dodd regarding her request for a reasonable accommodation.

48.      Seminole County failed to provide a reasonable accommodation to Mrs. Dodd.

7

49.     Seminole County retaliated against Mrs. Dodd for requesting a reasonable accommodation.

50.     Seminole County would have promoted Mrs. Dodd to the position of Assistant Park Supervisor but for Mrs. Dodd's request for a reasonable accommodation.

51.     A motivating factor in Seminole County not promoting Mrs. Dodd to the position of Assistant Park Supervisor was her request for a reasonable accommodation.

52.     As a direct and proximate result of the unlawful retaliation by Seminole County, Mrs. Dodd has suffered and continues to suffer direct and consequential damages, including but not limited to loss of employment income and employment benefits, emotional suffering and loss of dignity.

**WHEREFORE**, Mrs. Dodd respectfully requests that this court grant the following relief:

A.     Award Mrs. Dodd lost wages, including lost fringe benefits, which resulted from the illegal discrimination;

B.     Award Mrs. Dodd compensatory damages, including mental and emotional distress, and front pay;

C.     Award Ms. Dodd Punitive damages against Seminole County;

D.     Award Mrs. Dodd pre-judgment and post-judgment interest;

E.     Award Mrs. Dodd the costs of this action, together with reasonable attorney's fees; and

F.     Award Mrs. Dodd such other and further relief as is just and proper.

## **Count IV- Handicap Discrimination Pursuant to FCRA**

53.      Mrs. Dodd incorporates by reference as though fully set out herein the allegations of paragraphs numbered 1-21 of this Complaint.

54.      Mrs. Dodd was and is an individual with a handicap.

55.      Seminole County perceived or regarded Mrs. Dodd as having a handicap.

56.      Mrs. Dodd was and is qualified to perform all the essential job functions of Assistant Park Supervisor.

57.      Seminole County would have promoted Mrs. Dodd to the position of Assistant Park Supervisor but for her handicap.

58.      Seminole County would have promoted Mrs. Dodd to the position of Assistant Park Supervisor but for it perceiving or regarding Ms. Dodd as having a handicap.

59.      A motivating factor in Seminole County not promoting Mrs. Dodd to the position of Assistant Park Supervisor was her handicap.

60.      A motivating factor in Seminole County not promoting Mrs. Dodd to the position of Assistant Park Supervisor was its perception that Mrs. Dodd had a handicap.

61.      Mrs. Dodd's anxiety is not transitory or minor as it has existed longer than six (6) months.

62.      Seminole County's actions described herein, were done with reckless indifference to Mrs. Dodd's rights pursuant to FCRA.

63.      As a direct and proximate result of the unlawful discrimination occurring at Seminole County, Mrs. Dodd has suffered and continues to suffer direct and consequential damages, including but not limited to loss of employment income and employment benefits, emotional suffering and loss of dignity.

**WHEREFORE**, Mrs. Dodd respectfully requests that this court grant the following relief:

A.     Award Mrs. Dodd lost wages, including lost fringe benefits, which resulted from the illegal discrimination;

B.     Award Mrs. Dodd compensatory damages, including mental and emotional distress, and front pay;

C.     Award Ms. Dodd Punitive damages against Seminole County;

D.     Award Mrs. Dodd pre-judgment and post-judgment interest;

E.     Award Mrs. Dodd the costs of this action, together with reasonable attorney's fees; and

F.     Award Mrs. Dodd such other and further relief as is just and proper.

## COUNT V-Failure to Accommodate Pursuant to the FCRA

64.     Mrs. Dodd incorporates by reference as though fully set out herein the allegations of paragraphs numbered 1-21, 28-30 of this Complaint.

65.     On or about November 23, 2015, Mrs. Dodd requested a reasonable accommodation from Seminole County regarding any possible driving requirement associated with the Assistant Park Supervisor position.

66.     Seminole County failed to engage in the interactive process with Mrs. Dodd regarding her request for a reasonable accommodation.

67.     Seminole County failed to provide a reasonable accommodation to Mrs. Dodd.

68.     It would not have been an undue hardship for Seminole County to have reasonably accommodated Mrs. Dodd.

10

69.     As a direct and proximate result of Seminole County's failure to engage in the interactive process or provide a reasonable accommodation, Mrs. Dodd has suffered and continues to suffer direct and consequential damages, including but not limited to loss of employment income and employment benefits, emotional suffering and loss of dignity.

**WHEREFORE**, Mrs. Dodd respectfully requests that this court grant the following relief:

A.     Award Mrs. Dodd lost wages, including lost fringe benefits, which resulted from the illegal discrimination;

B.     Award Mrs. Dodd compensatory damages, including mental and emotional distress, and front pay;

C.     Award Ms. Dodd Punitive damages against Seminole County;

D.     Award Mrs. Dodd pre-judgment and post-judgment interest;

E.     Award Mrs. Dodd the costs of this action, together with reasonable attorney's fees; and

F.     Award Mrs. Dodd such other and further relief as is just and proper.

### Count VI- Retaliation Pursuant to the FCRA

70.     Mrs. Dodd incorporates by reference as though fully set out herein the allegations of paragraphs numbered 1-21, 28-30 of this Complaint.

71.     On or about November 23, 2015, Mrs. Dodd requested a reasonable accommodation from Seminole County regarding any possible driving requirement associated with the Assistant Park Supervisor position.

72.     Seminole County failed to engage in the interactive process with Mrs. Dodd regarding her request for a reasonable accommodation.

11

73.    Seminole County failed to provide a reasonable accommodation to Mrs. Dodd.

74.    Seminole County retaliated against Mrs. Dodd for requesting a reasonable accommodation.

75.    Seminole County would have promoted Mrs. Dodd to the position of Assistant Park Supervisor but for Mrs. Dodd's request for a reasonable accommodation.

76.    A motivating factor in Seminole County not promoting Mrs. Dodd to the position of Assistant Park Supervisor was her request for a reasonable accommodation.

77.    As a direct and proximate result of the unlawful retaliation by Seminole County, Mrs. Dodd has suffered and continues to suffer direct and consequential damages, including but not limited to loss of employment income and employment benefits, emotional suffering and loss of dignity.

**WHEREFORE**, Mrs. Dodd respectfully requests that this court grant the following relief:

A.    Award Mrs. Dodd lost wages, including lost fringe benefits, which resulted from the illegal discrimination;

B.    Award Mrs. Dodd compensatory damages, including mental and emotional distress, and front pay;

C.    Award Ms. Dodd Punitive damages against Seminole County;

D.    Award Mrs. Dodd pre-judgment and post-judgment interest;

E.    Award Mrs. Dodd the costs of this action, together with reasonable attorney's fees; and

F.    Award Mrs. Dodd such other and further relief as is just and proper.

## Count VII- 42 U.S.C. § 1983 Claim

78.     Mrs. Dodd incorporates by reference as though fully set out herein the allegations of paragraphs numbered 1-21, 28-30 of this Complaint.

79.     Seminole County would have promoted Mrs. Dodd to the position of Assistant Park Supervisor but for Ms. Dodd having a handicap.

80.     Seminole County did not a have a rational basis for discriminating against Mrs. Dodd because of her disability.

81.     Mrs. Dodd had been performing all the essential job functions of the position of Assistant Park Supervisor prior to her requesting a reasonable accommodation.

82.     Mrs. Dodd's direct supervisor, Mr. Klotz, who recommended her for the position, advised Seminole County's Human Resources Department that driving was not an essential function of the positon.

83.     Seminole County failed to provide a reasonable accommodation to Mrs. Dodd.

84.     Seminole County refused to promote Mrs. Dodd without a proper hearing and due process of the law.

85.     Seminole County failed to provide a reasonable accommodation to Mrs. Dodd without a proper hearing and due process of the law.

86.     Seminole County has deprived Mrs. Dodd of her constitutional right to Equal Protection under the law by intentionally discriminating against her on the basis of her medical condition.

87.     As a direct and proximate result of Seminole County's denial of equal protection under the law and due process, Mrs. Dodd has suffered and continues to suffer

direct and consequential damages, including but not limited to loss of employment income and employment benefits, emotional suffering and loss of dignity.

**WHEREFORE**, Mrs. Dodd respectfully requests that this court grant the following relief:

A.      Award Mrs. Dodd lost wages, including lost fringe benefits, which resulted from the illegal discrimination;

B.      Award Mrs. Dodd compensatory damages, including mental and emotional distress, and front pay;

C.      Award Ms. Dodd Punitive damages against Seminole County;

D.      Award Mrs. Dodd pre-judgment and post-judgment interest;

E.      Award Mrs. Dodd the costs of this action, together with reasonable attorney's fees; and

F.      Award Mrs. Dodd such other and further relief as is just and proper.

## Count VIII- Breach of Contract

88.      Mrs. Dodd incorporates by reference as though fully set out herein the allegations of paragraphs numbered 1-21, 28-30 of this Complaint.

89.      On or about September 23, 2015, Mrs. Dodd was offered the position of Assistant Park Supervisor.

90.      Ms. Dodd accepted the position.

91.      Ms. Shorty Robbins had informed Seminole County's Human Resources Department that Mrs. Dodd was selected for the Assistant Park Supervisor.

92.      Seminole County breached the contract between it and Mrs. Dodd by giving the Assistant Park Supervisor position to Mr. Mike Baker rather than Mrs. Dodd as agreed.

14

93.     As a result of Seminole County's breach of its agreement with Mrs. Dodd she has suffered damages.

**WHEREFORE**, Mrs. Dodd respectfully requests that this court grant the following relief:

A.     Award Mrs. Dodd's damages;

B.     Award Mrs. Dodd pre-judgment and post-judgment interest;

C.     Award Mrs. Dodd the costs of this action, together with reasonable attorney's fees and costs; and

D.     Award Mrs. Dodd such other and further relief as is just and proper.

## JURY TRIAL DEMAND

Mrs. Dodd demands a jury trial on all issues contained herein this Complaint.

Dated: _11/8/2019_

Respectfully submitted,

SCOTT C. ADAMS, ESQ.
Florida Bar No.: 0573442
Email: sadams@labaradams.com
N. RYAN LABAR, ESQ.
Florida Bar No.: 0010535
Email: rlabar@labaradams.com
LABAR & ADAMS, P.A.
2300 East Concord Street
Orlando, Florida 32803
(407) 835-8968 (phone)
(407) 835-8969 (facsimile)